UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:15-cr-115-FtM-38MRM

GORGE VARGAS

### ORDER[1]

Before the Court is pro se Defendant Gorge Vargas' Notice of Intention to File a 28 U.S.C. § 2255; Request for a Court Order Causing a Stay to the Tolling, or Adjustment to the Tolling for the Same and supporting Affidavit. (Doc. 547; Doc. 548). Three years ago, the Court sentenced Defendant to 400 months imprisonment for drug crimes. (Doc. 443). The Eleventh Circuit affirmed Defendant's conviction and sentence and issued its Mandate on January 27, 2020. (Doc. 513; Doc. 521). Defendant now asks the Court to extend the period for him to file a § 2255 motion because (1) he reads and speaks only Spanish; (2) the COVID-19 pandemic has limited his access to the law library and "jail house lawyer"; and (3) a tornado struck his prison and he was transferred to another facility where he does not have his personal property.

Although the Court understands Vargas' situation, it is without jurisdiction to extend the one-year period to file a § 2255 petition. See 28 U.S.C. § 2255(f)(1) (requiring a motion to vacate, set aside, or correct a federal sentence to be filed within one year of the judgment becoming final). Because Vargas has not filed a § 2255 motion, there is no

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

actual case or controversy. And without a case or controversy, this Court cannot consider his request for an extension of time to file a § 2255 motion. *See Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014). Any decision on an extension of time would be an improper advisory opinion on the timeliness of a § 2255 motion. *Id.* (citation omitted). What is more, the Court cannot construe Vargas' motion to extend as the § 2255 motion because it has no allegations supporting a claim for habeas relief. *See id.* at 842-43 ("Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255."); *United States v. Esquenazi*, No. 09-21010-CR, 2015 WL 13203446, at *2 (S.D. Fla. Oct. 20, 2015) (declining to construe a motion for extension of time as a § 2255 motion when the defendant did not "articulate[] any cognizable claim for relief under § 2255"). The Court thus denies Defendant's request.

Accordingly, it is now

**ORDERED:**

Defendant Gorge Vargas' Notice of Intention to File a 28 U.S.C. § 2255; Request for a Court Order Causing a Stay to the Tolling, or Adjustment to the Tolling for the Same and supporting Affidavit (Doc. 547) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 24th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record