UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 2:15-cr-1115-SPC-MRM

GORGE ANTONIO VARGAS

### OPINION AND ORDER[1]

Before the Court is Defendant Gorge Vargas' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 569), along with the Government's opposition (Doc. 572) and Defendant's reply (Doc. 595). For the below reasons, the Court denies the Motion.

In August 2017, the Court sentenced Defendant to 400 months' imprisonment for heroin offenses.[2] (Doc. 648). At forty years old, Defendant is scheduled to be released in 2044. But Defendant now asks for a sentence reduction to time-served for two reasons. First, his four children are in "great need of [his] presence since their mother is unable to properly attend to their respective medical needs" and they need him to "provide for their daily needs,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Defendant's sentencing guidelines range was 360 months to life because of the drugs he was responsible for, enhancements for possessing a dangerous weapon and maintaining a drug premises, and his criminal history category of V. (Doc. 439).

food, clothes, and medical bills." (Doc. 569 at 5). Second, he suffers from asthma and migraines, which are not being properly treated in prison. (*Id.*).

A district court has no inherent authority to modify a defendant's sentence and may do so only when allowed by a statute. *See United States v. Puentes,* 803 F.3d 597, 605-06 (11th Cir. 2015). One statute is 18 U.S.C. § 3582(c)(1)(A), which offers compassionate release. It lets a court reduce a prison term, after considering the factors in 18 U.S.C. § 3553(a), if it finds that extraordinary and compelling reasons call for the reduction and any reduction follows U.S.S.G. § 1B1.13's policy statement. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Bryant,* 996 F.3d 1243, 1247 (11th Cir. 2021). Section 1B1.13's commentary outlines qualifying reasons for a sentence reduction like the defendant's family circumstances and medical conditions. U.S.S.G. § 1B.13, cmt. n.1. Also, the relevant § 3553(a) factors include the seriousness of the offense and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a).

Before moving to reduce a sentence, a defendant must first exhaust his administrative remedies by submitting a request to his facility's warden to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A)(i) (letting the court grant a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

the warden of the defendant's facility, whichever is earlier"); *cf. United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (holding the exhaustion requirement is a non-jurisdictional claims-processing rule).

Here, Defendant says he submitted a request to his warden in November 2022, and that he hasn't received a response. (Doc. 569 at 3). Yet he provides no document to show he submitted the request. And the Government says it "has been unable to corroborate the defendant's claims through BOP inquires." (Doc. 572 at 4). So whether Defendant has satisfied threshold administrative procedures is dubious. The Court, however, need not weigh on this issue and will assume he has satisfied the exhaustion requirement because it has other grounds to deny the Motion.

To start, neither Defendant's family circumstances nor his medical conditions are extraordinary or compelling circumstances to warrant compassionate release. As to his children, Defendant has four, only two of whom are minors. He says his children need him because their "mother"[3] cannot provide for their medical and basic needs. (Doc. 569 at 5). But § 1B1.13 only allows compassionate release if the caregiver of a defendant's minor child dies or becomes incapacitated. Defendant makes no argument to that effect.

---

[3] According to the Presentence Investigation Report, Defendant has four children with two women. (Doc. 375 at 25-26). But the Motion does not identify if one or both mothers are struggling to care for the children.

Defendant's asthma and migraines fare no better. Not all medical ailments trigger compassionate release. A defendant needs to suffer from either a (1) terminal illness "with an end of life trajectory"; or (2) serious medical condition that "substantially diminishes" his ability to provide self-care while incarcerated and from which he is not expected to recover. U.S.S.G. § 1B.13, cmt. n.1(A). Defendant doesn't argue (let alone provide evidence) that his asthma and migraines are either terminal illnesses or render him unable to care for himself in prison. The Court thus finds no extraordinary and compelling circumstance to call for compassionate release.

Even if Defendant offered those reasons, the Court still denies release because he is a danger to the community and the § 3553(a) factors weigh heavily against it. Defendant committed a serious crime. He led a large-scale heroin trafficking ring where he bought drugs from a wholesaler in Chicago and distributed them throughout Lee County, Florida for about two years. Defendant recruited his brothers, girlfriend, and others into the scheme, and they moved about 50 to 120 baggies of 0.1 grams heroin during a 12-hour day. He also owned the residence that served as the organization's distribution hub.

But it is not just the nature of Defendant's offense that unsettles the Court. His extensive criminal history scored him a category of V. His past crimes include drug trafficking, domestic violence abuse, driving under the influence, and reckless driving. (Doc. 439 at 20-23). Despite those offenses, he

still possessed firearms and ammunition and kept them in his home with children around. Because the Court has no confidence that Defendant will abide by the law if released, there is a continued need to protect the public from him.

Finally, if the Court released Defendant early, he would avoid nearly three-quarters of his 400-month term of imprisonment. Allowing Defendant to avoid serving so much of his sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2). Although Defendant has made strides while incarcerated, the Court remains convinced a sentence of 400 months is not greater than necessary to achieve the goals of sentencing.

Accordingly, it is now

**ORDERED:**

Defendant George Vargas' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 569) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record